**Electronically Filed
Supreme Court
SCAD-21-0000409
27-AUG-2021
02:48 PM
Dkt. 9 OSUS**

SCAD-21-0000409

IN THE SUPREME COURT OF THE STATE OF HAWAI'I

---

OFFICE OF DISCIPLINARY COUNSEL,
Petitioner,

vs.

BRIAN LEBON CALPIN, (HI Bar #7370),
Respondent.

---

ORIGINAL PROCEEDING
(ODC Case No. 21-0098)

ORDER OF RECIPROCAL SUSPENSION
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

Upon consideration of the July 10, 2021 petition for issuance of a reciprocal discipline notice upon Respondent Brian LeBon Calpin, filed by the Office of Disciplinary Counsel pursuant to Rule 2.15 of the Rules of the Supreme Court of the State of Hawai'i (RSCH), the lack of response from Respondent Calpin to this court's July 20, 2021 Notice and Order, and the record in this matter, we find that, on May 7, 2020, Respondent Calpin was suspended in New Jersey for one year, for, in four different cases, neglecting client matters, lacking diligence, failing to keep a client reasonably informed of the status of the

representation, engaging in a conflict of interest with a client, failing to promptly deliver client property to the client, including upon termination of a representation, failing to cooperate with disciplinary authorities, and engaging in deceitful conduct, in violation of the New Jersey equivalents of Rules 1.1, 1.3, 1.4(a)(3), 1.9(c)(1), 1.15(d), 1.16(d), 8.4(c) and 8.4(g) of the Hawaiʻi Rules of Professional Conduct (HRPC)(2014) and that subsequently, on June 25, 2020, Respondent Calpin was indefinitely suspended by the New Jersey Supreme Court until such time as he complied with a fee arbitration order and paid a sanction to the New Jersey Disciplinary Oversight Committee. We conclude that a similar, reciprocal discipline is warranted in this jurisdiction. Therefore,

IT IS HEREBY ORDERED that Respondent Calpin's license to practice law in this jurisdiction is suspended for one year, pursuant to RSCH Rules 2.3(a)(2) and 2.15(c), effective upon entry of this order, notwithstanding RSCH Rule 2.16(c), in light of Respondent Calpin's current administrative suspension.

IT IS FURTHER ORDERED that Respondent Calpin shall bear any costs associated with these reciprocal disciplinary proceedings, pursuant to RSCH Rule 2.3(c), upon approval of a timely-submitted verified bill of costs by the Office of Disciplinary Counsel.

2

IT IS FURTHER ORDERED that Respondent Calpin's reinstatement to practice in this jurisdiction is contingent upon submission of proof of compliance with all of the subsequent conditions imposed by the New Jersey Supreme Court for his reinstatement in that jurisdiction, along with proof of his reinstatement and good standing in New Jersey.

DATED: Honolulu, Hawaiʻi, August 27, 2021.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins

3